COGBURN LAW
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburncares.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
ewf@cogburncares.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ADIGWE MICHAEL UTOMI, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NEVADA CREDICO, INC. d/b/a QUANTUM COLLECTIONS, a Nevada corporation,<br><br>　　　　　Defendant. | **COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, Adigwe Michael Utomi (hereinafter "Plaintiff"), by and through counsel, Cogburn Law, hereby complains against Defendant as follows:

**I.    PRELIMINARY STATEMENT**

1.    This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

### A. JURISDICTION OF THE COURT

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

### B. VENUE

3. Venue is proper in this District Court, particularly its unofficial southern district, pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

4. Plaintiff is a natural person residing in Clark County, Nevada.

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(c).

6. Upon information and belief, Nevada Credico, Inc. is a Collection Agency engaged in the business of collecting debts by use of the mails and telephone, and regularly attempts to collect debts alleged to be due another.

7. Upon information and belief, Nevada Credico, Inc. is an entity licensed in the State of Nevada and doing business in Nevada using the name Quantum Collections.

8. Upon information and belief, Nevada Credico, Inc. is registered with the State of Nevada as a collection agency with the license number of CAD11126.

9. Nevada Credico, Inc. (hereinafter "Quantum") is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. § 1692a(5).

## IV. GENERAL ALLEGATIONS

10. Plaintiff entered into a lease for rental of an apartment with WestCorp Management Group on or about December 28, 2018.

11. Plaintiff terminated the lease, with WestCorp asserting a balance existed.

12. Upon information and belief, WestCorp assigned the collection account to Quantum to attempt collection of the debt.

13. Plaintiff served Quantum with a debt validation request wherein Quantum sought a total balance due of $5,737.75.

14. The "Final account statement" supplied by Quantum on behalf of WestCorp, indicated the "Total Deposits on hand" was "0.00".

15. This is not true, because Plaintiff tendered a $650.00 money order to WestCorp, with a date of December 28, 2018, as the security deposit.

16. Quantum seeks collection in an amount in excess of the purported WestCorp balance, because WestCorp failed to account for the $650.00 security deposit.

17. Quantum seeks collection beyond what it is entitled to attempt to collect.

18. Quantum, on behalf of WestCorp, has and continues to collect an unlawful amount in violation and breach of the WestCorp Lease.

19. Further, Quantum failed to properly respond to the debt validation request with the correct collection amount.

V. **CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**(Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692)**

20. Plaintiff realleges and incorporates all preceding paragraphs above as if fully set out herein.

21. Defendant was negligent and/or willful, rendering it liable for attempting to collect an improper balance due, fees, interests and/or expenses not authorized or permitted by law, and in violation of 1692f(1).

22. Defendant's conduct was negligent or willful or both, rendering it liable for failing to cease collection of an alleged debt, and not providing proper verification of the debt to the prior to initiating a lawsuit, in violation of 1692g(b).

23. As a result of the foregoing violations, Defendant is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than up to $1,000 per violation, pursuant to 1692k(a)(1).

24. As a result of the foregoing violations, Defendant is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than up to $1,000 per violation, pursuant to 1692k(a)(2)(a).

25. As a result of the foregoing violations, Defendant is liable for costs and reasonable attorney fees pursuant to 1692k(a)(3).

26. Plaintiff hereby prays for actual damages under the FDCPA, and for statutory damages as set forth above for each and every violation of the Fair Debt Collection Practices Act proven at the trial of this case, and reasonable attorney fees and costs thereunder.

27. An actual controversy has arisen and now exists between the parties concerning their respective rights and duties under the FDCPA. A judicial declaration that Defendant's actions violated the FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

## VI. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant, on all counts, for the following:

1. Declaratory judgment that Defendant's conduct violated the FDCPA;
2. Actual damages;
3. Statutory damages;
4. Punitive damages;
5. Costs and reasonable attorney fees; and
6. For such other and further relief as the Court may deem just and proper.

## VII. **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated this 10th day of December, 2020.

                        COGBURN LAW

By: _/s/Erik W. Fox_
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
Erik W. Fox, Esq.
Nevada Bar No. 8804
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
*Attorneys for Plaintiff*